# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**ROBERT PATTERSON,**

 **Petitioner,**

**v.**          **Case No. 3:16cv548-LC/CAS**

**JULIE L. JONES, Secretary,
Florida Department of Corrections,**

 **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On October 12, 2016, Petitioner Robert Patterson, a prisoner in the custody of the Florida Department of Corrections, proceeding pro se under the mailbox rule, filed a petition for writ of habeas corpus with exhibits pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed an answer with exhibits on October 24, 2017. ECF No. 22. After Petitioner filed a motion for clarification concerning the number of issues Respondent should have addressed in the answer, ECF No. 24, Respondent subsequently filed an amended answer on November 20, 2017. ECF No. 25. Petitioner filed a reply with exhibits on January 19, 2018. ECF No. 29.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).  After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons set forth herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

### Facts and Procedural History

In January 2010, Petitioner was charged by Information filed in the Circuit Court in and for Escambia County, Florida, with sexual battery on a victim less than 12 years of age by a defendant over age 18 in September 2009.  He was also charged with lewd and lascivious molestation on a victim less than 12 years of age by a defendant over age 18 in September 2009.  Ex. A at 1.[1]  On October 13, 2010, Petitioner was found guilty as charged, but by order rendered on December 2, 2010, a new trial was granted based on erroneous admission of purported similar fact evidence. Ex. A at 151-59.

---

[1] Hereinafter, citations to the State court record, "Ex. –," refer to exhibits A through M submitted in conjunction with Respondent's Answer.  *See* ECF No. 22. Respondent subsequently filed an Amended Answer with leave of court.  ECF No. 25.

Retrial was held beginning on September 26, 2011.  The evidence elicited at trial, in pertinent part, was that the victim, age nine at the time of the offense, was not Petitioner's biological daughter but he allowed his name to be placed on her birth certificate.  He was a father figure to the victim.  The victim's half-brother is Petitioner's biological son from the prior relationship with his son's mother.  The victim testified that during a September 2009 overnight visit in Petitioner's home, he woke her up from a nap and took her into the bedroom where he pulled her underwear down and got on top of her.  Ex. D at 254-55.  She testified he touched her vagina with his fingers and put them inside her.  She testified that later, during the night, when she was in bed sleeping with her brother, Petitioner got into bed with them.  Ex. D at 257.  She said he reached under her nightgown and touched her genitals through her underwear.  Ex. D at 258.

Petitioner, who was age 39 at the time of the offense, was found guilty on Count One of the lesser offense of battery, and guilty as charged on Count Two, lewd or lascivious molestation.  Ex. B at 293.  On October 6, 2011, he was sentenced to 40 years in prison, Ex. B at 326-29, and appealed to the First District Court of Appeal.  Ex. F.  On January 17, 2013, the appellate court affirmed per curiam without discussion.  Ex. H.  The

mandate was issued on February 4, 2013.  *Id.  See* Patterson v. State, 110 So. 3d 904 (Fla. 1st DCA 2013).

On May 28, 2013, Petitioner filed a motion under Florida Rule of Criminal Procedure 3.850, which was amended September 10, 2014, and March 16, 2015.[2]  Ex. I at 30-54.  The post-conviction court summarily denied relief on December 30, 2015.  Ex. I at 55-62.  Petitioner appealed to the State First District Court of Appeal, and the court affirmed per curiam without discussion on May 25, 2016.  Ex. J.  The mandate was issued on July 25, 2016.  Ex. K.  *See* Patterson v. State, 193 So. 3d 890 (Fla. 1st DCA 2016) (Table).

While his Rule 3.850 motion was pending, Petitioner filed a petition in the First District Court of Appeal alleging ineffective assistance of appellate counsel, Ex. L, which was denied on the merits on February 18, 2014.  Ex. M.  Rehearing was denied on March 31, 2014.  *Id. See* Patterson v. State, 136 So. 3d 1222 (Fla. 1st DCA 2014) (Mem).

---

[2] The final amended post-conviction motion alleged trial counsel was ineffective: (1) in failing to object to shackling; (2) in failing to properly convey a favorable plea offer; (3) in failing to move for mistrial when it was learned the prosecutor violated the sequestration order; (4) in failing to move for mistrial when the prosecutor stated in closing that Petitioner agreed the incident occurred in September; (5) in failing to move for discharge under speedy trial; (6) in failing to move for mistrial when judge denied the motion for judgment of acquittal in the presence of the jury; and (7) during motion for mistrial when the prosecutor argued falsely that defense counsel failed to object to certain testimony.  Ex. I at 30-54.

On October 12, 2016, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court raising the following grounds for relief:

> **Ground One:** Ineffective assistance of trial counsel (IAC) for failing to object to use of shackles and failing to require justification.  ECF No. 1 at 5.
>
> **Ground Two:** IAC for failing to correctly convey plea offer.  ECF No. 1 at 6.
>
> **Ground Three:** IAC for failing to move for a mistrial or new trial due to prosecutorial misconduct concerning sequestered witnesses.  ECF No. 1 at 8.
>
> **Ground Four:** IAC for failing to move for mistrial when the prosecutor told the jury Petitioner had agreed the incident occurred in September.  ECF No. 1 at 10.
>
> **Ground Five:** IAC for failing to file a motion for discharge under Florida Rule of Criminal Procedure 3.191(m), which requires trial within 90 days of order granting a new trial.  ECF No. 1 at 15.
>
> **Ground Six:** IAC for failing to object to the judge's statement in the presence of the jury regarding motion for judgment of acquittal that the State had presented a prima facie case.  ECF No. 1 at 18.
>
> **Ground Seven:** "Williams Rule" violation and denial of motion for mistrial. ECF No. 1 at 21.

## ANALYSIS

## Applicable Legal Principles

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody only under certain

specified circumstances.  Section 2254(d) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim—
>
> > (1) resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an
> > unreasonable determination of the facts in light of
> > the evidence presented in the State court
> > proceeding.

28 U.S.C. § 2254(d).  *See also* Cullen v. Pinholster, 563 U.S. 170, 181

(2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).

"Under the 'contrary to' clause, a federal habeas court may grant the

writ if the state court arrives at a conclusion opposite to that reached by this

Court on a question of law or if the state court decides a case differently

than this Court has on a set of materially indistinguishable facts."  Williams

v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring).  "Under

the 'unreasonable application' clause, a federal habeas court may grant the

writ if the state court identifies the correct governing legal principle from this

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413 (O'Connor, J., concurring).

The Supreme Court has explained that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 102 (2011). The Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 102-03 (citation omitted). The federal court employs a " 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' " Pinholster, 563 U.S. at 181 (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). The Petitioner

must have apprised the state court of the federal constitutional claim, not just the underlying facts of the claim or a "somewhat similar state-law claim." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (quoting Anderson v. Harless, 459 U.S. 4, 5-6 (1982)).  Petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 275 (1971); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  In regard to claims of ineffectiveness of trial counsel, the Petitioner must have presented those claims in state court " 'such that a reasonable reader would understand each claim's particular legal basis and factual foundation.' " Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007) (citing McNair, 416 F.3d at 1302).

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 563 U.S. at 181. The state court's factual findings are entitled to a presumption of correctness and to rebut that presumption, the Petitioner must show by clear and convincing evidence that the state court determinations are not fairly supported by the record. *See* 28 U.S.C. § 2254(e)(1).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and "[i]n conducting habeas

review, a federal court is limited to deciding whether a conviction violated

the Constitution, laws, or treaties of the United States."  Estelle v. McGuire,

502 U.S. 62, 67-68 (1991).  *See also* Swarthout v. Cooke, 562 U.S. 216,

222 (2011) ("[W]e have long recognized that 'a "mere error of state law" is

not a denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121,

n.21 (1982))).

 For claims of ineffective assistance of counsel, the United States

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate

deficient performance, a "defendant must show that counsel's performance

fell below an objective standard of reasonableness."  *Id.* at 688.  Counsel is

"strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment."

Burt v. Titlow, 134 S. Ct. 10, 17 (2013) (quoting Strickland, 466 U.S. at

690).  Federal courts are to afford "both the state court and the defense

attorney the benefit of the doubt."  *Id.* at 13.  The reasonableness of

counsel's conduct must be viewed as of the time of counsel's conduct.  *See* Maryland v. Kulbicki, 136 S. Ct. 2, 4 (2015) (citing Strickland, 466 U.S. at 690).

To demonstrate prejudice under Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).  Both deficiency and prejudice must be shown to demonstrate a violation of the Sixth Amendment.  Thus, the court need not address both prongs if the petitioner fails to prove one of the prongs.  Strickland, 466 U.S. at 697.

## **Issues for Review**

### **Ground One: Ineffective assistance of trial counsel (IAC) for failing to object to use of shackles and failing to require justification**

Petitioner contends, as he did in his final amended Rule 3.850 motion in State court, that his trial counsel rendered ineffective assistance by

failing to object to the use of shackles and failing to request the court to state the required justification. ECF No. 1 at 5. The post-conviction court denied the claim, citing allegations Petitioner made in a previous post-conviction motion that counsel objected prior to Petitioner's testimony to the use of shackles and that, according to Petitioner's sworn allegations, the court overruled the objection based on security concerns. Ex. I at 57 (citing allegation at Ex. I at 11). The State First District Court of Appeal affirmed. Ex. J.

In his first amended Rule 3.850 motion, Petitioner alleged that counsel asked the court to remove Petitioner's shackles before the trial started and when the court inquired of the officer, he responded that it was "a security thing so the court overruled the objection." Ex. I at 11. The post-conviction court held that Petitioner merely speculated in his second amended post-conviction motion that the jurors saw the shackles and that Petitioner failed to include allegations in his motion stating a prima facie case that further objection to shackles would have been successful. Ex. I at 57.

At trial, prior to Petitioner taking the stand to testify and outside the presence of the jury, trial counsel asked the court if Petitioner could be unshackled. Ex. E at 428. The following colloquy took place:

(Jury out)

THE COURT:  Mr. McCleary, what do you want to address outside the presence of the jury?

MR. McCLEARY: I just wanted to get him unshackled before he went up to the stand.

THE COURT: Thank you for reminding me of that.  Okay.

Considering the timing of he was (sic), I've made the decision that it was best to just go ahead and give them a recess at this time, so we're going to have that.

While they're out, let's go ahead - -  we anticipate you're going to call him as a witness?

MR. McCLEARY: That's correct, Your Honor.

. . . . (unrelated discussion of jury instructions)

THE COURT: If you could go ahead and remove those, please.

SECURITY OFFICER: Jury's in the box, Your Honor.

Ex. E at 428-29, 437.  Petitioner then began his testimony before the jury.

Ex. E at 437.

The record indicates that the shackles were removed before Petitioner testified.  As the Respondent contends, this record showing counsel's concern about the jury seeing Petitioner's shackles immediately before he testified and counsel's success in having the shackles removed for Petitioner's testimony supports the inference that the jury had not previously seen Petitioner in shackles.  Further, Petitioner alleged in his second amended post-conviction motion only that the jury "may have seen the shackles" and that prejudice should be presumed.  Ex. I at 37.  This

bare allegation that the jury saw or may have seen a defendant in shackles is insufficient to establish prejudice.[3]  *See* Jones. v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1320 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017); Jones v. State, 998 So. 2d 573, 588 (Fla. 2008) (reiterating that absent allegations that the actual jurors were exposed to [the defendant] in shackles, he cannot demonstrate prejudice) (citing Sireci v. Moore, 825 So. 2d 882, 887-88 (Fla. 2002) (finding no prejudice where the jury did not see defendant in shackles))).

The Constitution forbids the use of visible shackles during the guilt phase of trial unless the use is justified by an essential state interest such as courtroom security.  *See, e.g.*, Deck v. Missouri, 544 U.S. 622, 624 (2005) (citing Holbrook v. Flynn, 475 U.S. 560, 568-69 (1986)).  However, the defendant still has the burden in an ineffective assistance of counsel claim to allege facts that establish a reasonable probability that but for his counsel's alleged failure to object to the shackles, the result of the proceeding would have been different.  Jones, 834 F.3d at 1320; Marquard v. Sec'y, Dep't of Corr., 429 F.3d 1278, 1313 (11th Cir. 2005).

---

[3] This bare allegation is also insufficient to require an evidentiary hearing.  Jones, 834 F.3d at 1319.

Even if counsel should have objected to Petitioner being shackled during other portions of the trial, and even if counsel should have asked to trial court to explicitly state the justification for the shackles, the State post-conviction court was correct that the prejudice prong on <u>Strickland</u> has not been met. Petitioner has not demonstrated that, but for the alleged error of counsel, there is a reasonable probability—that is, one sufficient to undermine the court's confidence in the outcome—that the jury saw the shackles, the shackles would have been removed, and Petitioner would not have been found guilty.

Petitioner has failed to show that the adjudication of the State court resulted in a decision that was contrary to, or involving an unreasonable application of federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Habeas relief on Ground One should be denied.

### Ground Two: IAC for failing to correctly convey plea offer

In Ground Two, Petitioner contends that his counsel rendered ineffective assistance by failing to correctly convey a plea offer and terms, and that counsel told Petitioner's wife that he would not let Petitioner sign the plea offer. ECF No. 1 at 6. In his second amended post-conviction

motion in circuit court, Petitioner alleged that on September 26, 2011, his counsel told him about a plea offer for a year and a day, with ten years probation.  Ex. I at 38.  He alleged that he discussed it with his wife and she went to speak with trial counsel the next day and that counsel told her he would not let Petitioner sign the plea offer. *Id.*  He alleged that but for the error of counsel, he would have accepted the offer, the prosecution would not have withdrawn it, and it would have been presented to the court. Ex. I at 39.

The post-conviction court denied the claim on the ground that Petitioner failed to demonstrate a reasonable probability that the court would have accepted such a negotiated plea.  Ex. E at 58.  The court noted that Petitioner was charged with sexual battery of a child under age 12, which carried a mandatory sentence of life, and with lewd and lascivious molestation, which was punishable by a potential life sentence.  *Id.*  The State appellate court affirmed denial of relief on this claim.  Ex. J.

The Sixth Amendment right to counsel extends to the plea-bargaining process.  Lafler v. Cooper, 566 U.S. 156, 162 (2012) (citing Missouri v. Frye, 566 U.S. 134, 145 (2012)).  "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler, 566 U.S. at 168*.  The two-part test articulated

in Strickland applies to claims that counsel was ineffective during the plea process. *Id.* at 162-63. In Frye and Lafler, the Supreme Court required that a Petitioner must demonstrate a reasonable probability that (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence. Lafler, 566 U.S. at 164; Frye, 566 U.S. at 148.

Even assuming the truth of Petitioner's allegations concerning the plea offer and his counsel's statements to his wife, Petitioner has failed to allege any facts that support a reasonable probability that the court would have agreed to sentence Petitioner to a year and day, plus probation, for crimes that carried life sentences. Even after the jury found Petitioner guilty of the lesser included offense of battery on Count One, the judge sentenced Petitioner to 40 years in prison on Count Two, lewd or lascivious molestation.

Because Petitioner cannot demonstrate that the trial court would not have refused to accept the plea bargain he alleges was offered, if it had been presented to the court, he is not entitled to relief under 28 U.S.C. § 2254. Relief on Ground Two should, therefore, be denied.

## Ground Three: IAC for failing to move for a mistrial or new trial due to prosecutorial misconduct concerning sequestered witnesses

In Ground Three, Petitioner contends that trial counsel rendered ineffective assistance for failing to move for a mistrial or for a new trial after the prosecutor spoke to defense witnesses Greenquist, Cappas, and Leonard prior to trial. ECF No. 1 at 8. He contends in his § 2254 petition that this conversation violated the trial court's order of sequestration. *Id.*

The claim was raised in Petitioner's final amended Rule 3.850 motion and was summarily denied by the post-conviction court in an order concluding that Petitioner's allegations did not show that trial counsel had reason to object to the prosecutor speaking to the proposed witnesses or that Petitioner was prejudiced by the prosecutor doing so. Ex. I at 40, 59. The State First District Court of Appeal affirmed denial of relief. Ex. J.

At the sentencing hearing in this case held October 6, 2011, Petitioner raised the issue of a letter he submitted to the judge complaining that his counsel did not move for a mistrial, or for a new trial, after Petitioner's wife informed him and defense counsel that she overheard "the State witnesses, the victim and everybody talking about testimony." Ex. B at 298-99. Petitioner told the court that his counsel did not want to bring it to the attention of the court at the time because counsel "said he couldn't

let [the judge] know because there would be hearsay." *Id.* When defense

counsel explained his version of what happened, the following occurred:

> MR. McCLEARY: I was outside the courtroom. The
> Defendant's wife told me that some of the victims [sic] and the
> child were speaking. I asked them if they knew what they were
> saying or if they could tell what they were saying - -
> THE COURT: You said if they knew. If who knew?
> MR. McCLEARY: If his wife could tell me what the other
> parties were saying. Her response was no, she could not tell
> me what they were saying. It is not against the rules for them
> to talk about what takes place inside the courtroom. So I didn't
> tell her it would be hearsay. I told her that without that
> information that they haven't violated the rules.

Ex. B at 300-01.

Petitioner was asked if he had information that the prosecutor spoke

to his witnesses outside without defense counsel present. Ex. B at 306.

Petitioner responded that his wife reported that the prosecutor spoke to

other witnesses. *Id.* The prosecutor then explained, "Your Honor, I did

speak briefly with some witnesses. They were State witnesses listed on

discovery. The Defense sent out blanket subpoenas on all witnesses in the

case." *Id.* Defense counsel subsequently stated, "I actually only had one

witness and that was the Defendant's wife." Ex. B at 307. The prosecutor

stated that he spoke with Teresa Greenquist, who had performed a medical

examination on the child victim. Ex. B at 307-08. When the trial judge

asked Petitioner if he was claiming the prosecutor attempted to pressure

Greenquist, Petitioner said he did not know if the prosecutor said anything to her to make her alter her proposed testimony; and shortly thereafter Petitioner conceded he was not making that claim. Ex. B at 308-09. When the trial judge urged Petitioner to state what prejudice occurred due to the prosecutor speaking to any of the State witnesses prior to their testimony, Petitioner conceded he could not do so. Ex. B at 309.

The trial judge treated the letter and discussion as a request for a <u>Nelson</u> hearing[4] and denied it, stating, "I'm going to find there is nothing that [the] attorney failed to do in properly representing Mr. Patterson that has been asserted here or demonstrated and beyond that, it is just all for informational purposes." Ex. B at 310. The court noted that if the issue were raised at a later date in a different context, it could be dealt with then. *Id.*

This witness sequestration issue was not raised in a motion for new trial or on direct appeal, but a claim of ineffective assistance of counsel was later raised in Petitioner's final amended Rule 3.850 motion. Ex. I at 40. The post-conviction court noted that as to witness Greenquist, trial counsel stated at the sentencing hearing that her testimony was as he anticipated.

---

[4] <u>Nelson v. State</u>, 274 So. 2d 256, 258 (Fla. 4th DCA 1973) (requiring a hearing when a criminal defendant moves to discharge appointed counsel).

Ex. I at 58-59 (citing Ex. B at 309).  Greenquist testified that her examination of the victim revealed no injury, bruising, or scarring, and that the victim's hymen was intact.  Ex. E at 413.  The post-conviction court also found that Petitioner failed to allege facts in his Rule 3.850 motion demonstrating that trial counsel had any basis to object to the prosecutor's actions or that any prejudice flowed from the prosecutor's conversation with the State witnesses.  Ex. I at 59.  In his § 2254 petition in this Court, Petitioner also fails to provide any basis for the Court to find that trial counsel was deficient or that any prejudice flowed from counsel's failure to move for mistrial or new trial based on the information elicited at the sentencing hearing.

Section 90.616, Florida Statutes, provides that at the request of a party the court shall or, or on its own motion, may order the witnesses excluded from a proceeding so they cannot hear the testimony of other witnesses.  However, a witness may not be excluded if they are the victim's next of kin, parent, or legal guardian of a minor child victim, unless the court finds the person's presence to be prejudicial.  There is no per se rule of exclusion, or right to a mistrial, if witnesses violate the rule of sequestration—the trial court is accorded sound discretion in determining issues of sequestration.  *See, e.g.*, <u>Daughtry v. State</u>, 211 So. 3d 84, 86

(Fla. 4th DCA 2017).  The purpose of the rule is to avoid a witness coloring

his or her testimony by hearing the testimony of another, thereby

discouraging fabrication, inaccuracy, or collusion.  *Id.*; Knight v. State, 746

So. 2d 423, 430 (Fla. 1998).  Petitioner conceded at the sentencing

hearing, when he raised this issue with the trial court, that he could not say

that the witnesses were colluding or fabricating their testimony when the

prosecutor spoke with them prior to their testimony.

Habeas corpus is a "guard against extreme malfunctions in the state

criminal justice systems," not a substitute for ordinary error correction.

Richter, 562 U.S. at 102-03 (quoting Jackson, 443 U.S. at 332, n.5

(Stevens, J., concurring in judgment)).  Petitioner has not presented a claim

that meets this stringent requirement.  Because he has not demonstrated

that the adjudication of the State court resulted in decision that was

contrary to, or involving an unreasonable application of federal law as

determined by the Supreme Court, or was based on an unreasonable

determination of the facts in light of the evidence presented in the State

court proceeding, habeas relief on Ground Three should be denied.

## Ground Four: IAC for failing to move for mistrial
## when the prosecutor told the jury Petitioner
## had agreed the incident occurred in September

Petitioner claims that his trial counsel should have moved for a

mistrial during closing argument when the prosecutor stated that Petitioner

agreed in his testimony that "this incident" occurred in September. ECF

No. 1 at 10. The following occurred:

MR. GORDON [the prosecutor]: . . . . Ladies and
Gentlemen, he agreed this incident occurred in September.

MR. CRAWFORD [defense counsel]: Objection, Your
Honor. Misstatement.

MR. GORDON: Your Honor, I'm in the process of arguing.

THE COURT: You need to be careful, though, with your
argument.
I'll remind the jury that what the attorneys say is not
evidence.
You need to make sure your argument is clear at this
time.

MR. GORDON: Yes, Your Honor.
He agreed that visit occurred in September, 2009. He
agreed he made the phone call requesting that [B.P.] and [the
victim] come to visit. He agreed that it was decided that [the
victim] and [B.P.] wanted to spend the night, and that Angela's
boyfriend, Joey, brought clothes over for them so that they
would be able to spend the night. He agreed to all the
surrounding circumstances, ladies and gentlemen.
. . . .
The only thing, ladies and gentlemen, that he disagreed
with was the fact that the other things he did would get him into
trouble. He disagreed only with the things that would get him
into trouble. Other than that, he agreed that the child's
testimony was accurate. And you can consider all the different

things that he said when evaluating the credibility to give to his statement. . . .

Ex. E at 483-85.

The post-conviction court summarily denied this claim, finding that trial counsel did object to the statement that Petitioner agreed "the incident" occurred in September, and that the trial court cautioned the prosecutor and instructed the jury that the argument of counsel is not evidence.  Ex. I at 59.  The court also noted that Petitioner did testify that the victim visited him in September.  *Id.* (citing Ex. E at 449-50).  The court concluded that Petitioner failed to allege facts showing a mistrial was warranted or would have been granted—and that the record shows one would not have been. Ex. I at 59.  The State appellate court affirmed this denial of relief.  Ex. J.

Petitioner argues that his counsel should have moved for a mistrial and also should have moved to have his testimony read back to the jury to refute the statement by the prosecutor that Petitioner agreed the incident occurred in September.  However, the prosecutor's comment and the trial court's handling of it would not have provided a basis for a mistrial under Florida law.  The Florida Supreme Court has long held that a motion for mistrial should be granted only when an error is so prejudicial as to vitiate the entire trial.  Salazar v. State, 991 So. 2d 364, 372 (Fla. 2008) (citing England v. State, 940 So. 2d 389, 401-02 (Fla. 2006)).  *See also* Morris v.

State, 219 So. 3d 33, 44 (Fla.), cert. denied, 138 S. Ct. 452 (2017);

Hamilton v. State, 703 So. 2d 1038, 1041 (Fla. 1997). The prosecutor's

statement was objected to and the jury was instructed that the attorneys'

arguments are not evidence. The prosecutor then proceeded at length to

clarify what he was saying Petitioner agreed to, including the fact that the

visit was requested and occurred in September 2009. The prosecutor

made clear that Petitioner did not agree that the alleged offense occurred

during that visit. The prosecutor made clear that Petitioner affirmatively

denied anything illegal occurred during that visit.

For these reasons, there is no reasonable likelihood that a motion for

mistrial would have been granted even if counsel had made one. Further,

Petitioner's allegations, taken in light of the record, do not demonstrate a

reasonable probability that, but for counsel's alleged error, the result of the

trial would have been different—a reasonable probability being one

sufficient to undermine confidence in the outcome. *See* Strickland, 466

U.S. at 694. Because Petitioner has failed to demonstrate that the

adjudication of the State court that trial counsel was not ineffective was

unreasonable or contrary to federal law, his claim does not meet the

requirements of § 2254 and should be denied.

### Ground Five: IAC for failing to file a motion for discharge under Florida Rule of Criminal Procedure 3.191(m), which requires trial within 90 days of order granting a new trial

Petitioner contends trial counsel rendered ineffective assistance by failing to file a motion for discharge based on a violation of his right to a speedy trial under Florida Rule of Criminal Procedure 3.191(m) after a new trial was granted in an order dated November 29, 2010.  ECF No. 1 at 15.  The post-conviction court denied the claim, finding that the record demonstrated Petitioner was not ready for trial within 90 days of the order granting his motion for new trial.  Ex. I at 59-60.  The State appellate court affirmed.

Florida Rule of Criminal Procedure 3.191(m) provides that after an order is issued granting a new trial, the person to be tried again shall be brought to trial within 90 days from the date of that order.  If the defendant is not brought to trial within 90 days, the defendant "shall be entitled to the appropriate remedy as set forth in subsection (p)."  Subdivision (p) provides that "no remedy shall be granted until the court has made the required inquiry under subdivision (j).  Subdivision (j) provides in pertinent part that if the trial is not commenced within the 90 days, a discharge shall be granted "unless it is shown that: . . . .  (2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel."  Fla. R. Crim. P.

3.191(j).  Even where a motion for discharge is filed, the State is granted a time period for recapture under the rule.[5]  Fla. R. Crim. P. 3.191(p)(3).

The 90-day time frame extended from November 29, 2010, when the order granting a new trial was rendered, to February 28, 2011.  In denying the post-conviction claim, the State court found that Petitioner was not ready for trial within the 90-day time frame after the order granting a new trial, as evidenced by his counsel filing a subpoena on February 17, 2011, to take a deposition of one of the State's witnesses added to the witness list on February 8, 2011.  Ex. I at 60.  The post-conviction court also noted that defense counsel filed a notice of reciprocal discovery on March 8, 2011.  *Id.* (citing Exhibits at Ex. I at 94-98).  A defense motion for continuance was filed on April 5, 2011.  Ex. I at 98.

The post-conviction court concluded that "Defendant also fails to allege facts showing the State could not have brought him to trial within the recapture period provided in rule 3.191(p)(3).  Under Florida law, a claim of ineffective assistance of counsel based on a failure to seek discharge under the speedy trial rule is "extremely tenuous where the State had

---

[5] Rule 3.191(p)(3) provides in pertinent part: "No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days."

available the recapture window of Rule 3.191(p)(3)." <u>Remak v. State</u>, 142

So. 3d 3, 6 (Fla. 2d DCA 2014) (quoting <u>Hammond v. State</u>, 34 So. 3d 58,

60 (Fla. 4th DCA 2010)), <u>rev. denied</u>. 153 So. 3d 908 (Fla. 2014).  "To

plead a facially sufficient claim of prejudice, a movant must allege specific

facts that demonstrate that the State could not have brought the movant to

trial within the recapture window provided in rule 3.191(p)(3) or that

demonstrate that the quality of the State's evidence would have diminished

if the State had been forced to proceed" within the recapture window.

<u>Remak</u>, 34 So. 3d at 6.  In his post-conviction claim, and in his § 2254

petition, Petitioner has not provided specific facts that his counsel could

have alleged in a motion for discharge to demonstrate the State could not

have brought Petitioner to trial within the recapture window.

The State courts adjudication of this claim has not been shown to be

unreasonable or contrary to any federal law.  Thus, Petitioner has failed to

demonstrate entitlement to § 2254 habeas relief on this claim.  Claim Five

should be denied.

### Ground Six: IAC for failing to object to the judge's statement in the presence of the jury regarding motion for judgment of acquittal that the State had presented a prima facie case

In this ground, Petitioner contends that his counsel rendered

ineffective assistance by failing to object to the trial court's statement when

denying the motion for judgment of acquittal at the conclusion of all the evidence.  Petitioner alleges that the trial judge stated in the presence of the jury that the State had presented a prima facie case for guilt.  ECF No. 1 at 18.  Petitioner raised this issue in his final amended Rule 3.850 motion, which the court summarily denied.  Ex. I at 46, 60.  The post-conviction court correctly found based on the record that the motion and the ruling was made in a bench conference outside the hearing of the jury.  Ex. I at 60.  The record reflects that counsel moved for judgment of acquittal in a conference "at the bench" where the judge ruled that a prima facie case had been presented.  Ex. E at 466.  Petitioner has not alleged any facts that contradict the record or support his conclusory assertion that the jury heard the ruling, other than his argument that the jury was seven or eight feet away from the judge.  ECF No. 29 at 11.  The First District Court of Appeal affirmed denial of this claim.  Ex. J.

Because the conference was at the bench, and no facts have been alleged to support a conclusion that that jury heard the ruling, Petitioner has not provided any basis to find that counsel should have objected or moved for mistrial.  Further, prejudice under the Strickland standard has not been shown.  Relief under § 2254 should be denied.

## Ground Seven: "Williams Rule" violation
## and denial of motion for mistrial

Petitioner appears to contend in his petition that a constitutional violation occurred in his trial, which he characterizes as a "Williams Rule" violation, when mistrial was denied after the prosecutor asked questions intended to highlight the young age of women that Petitioner has dated and married.  ECF No. 1 at 21.  Respondent contends that this claim does not state a constitutional violation and that the argument Petitioner makes here was not raised in the State court and is thus unexhausted.[6]  ECF No. 25 at 19.

In the post-conviction court, Petitioner claimed that his trial counsel rendered ineffective assistance when moving for a mistrial but failing to challenge the prosecutor's erroneous statement that he did not object each time the prosecutor attempted to elicit testimony concerning the age difference between Petitioner and his former and current wife and a former girlfriend.  Ex. I at 48.  The post-conviction court summarily denied the claim, noting that the trial court's denial of a mistrial was not based on

---

[6] In his § 2254 petition, Petitioner claims a violation of Florida's evidentiary rules, and cites sections 90.401, 90.402, 90.403, and 90.406, Florida Statutes.  ECF No. 29 at 13.  If Petitioner is, in fact, making a claim of trial court error based on the State's evidentiary rules, that claim is one of state law and is generally not cognizable in a § 2254 proceeding.  Absent a constitutional violation rendering the trial fundamentally unfair, Florida courts are the final arbiter of Florida evidentiary law.  *See* Mills v. Singletary, 161 F.3d 1273, 1289 (11th Cir.1998).

defense counsel's failure to object, and that Petitioner failed to allege sufficient grounds to demonstrate that, had counsel made further argument or objection to the prosecutor's erroneous statement, a mistrial would have been granted. Ex. I at 61. The State district court of appeal affirmed without discussion. Ex. J.

Assuming *arguendo* that Petitioner is attempting to raise a claim of ineffective assistance of counsel in his § 2254 petition concerning counsel's handling of the motion for mistrial, as he claimed in the State court, the claim lacks merit and should be denied. At trial, the prosecutor attempted on three occasions to elicit testimony highlighting the young age of Petitioner's wives and girlfriend. Each time, defense counsel objected and the objection was sustained. Ex. C at 146; Ex. D at 226, 374-75. At the last objection, the court instructed the jury not to speculate what evidence might have been presented if the objection had not been sustained or if the witness had been allowed to answer the question. Ex. D at 377. After that witness was concluded and other testimony had been presented, defense counsel stated:

> MR. CRAWFORD: . . . . This has been eating [at] me since I have been sitting here really since the beginning of this trial, like I said, with Counsel's previous questioning concerning age and my client's girlfriends and wives. This has been brought up three times during the trial. It was brought up with Jo Ann Fletcher; it was brought up [with] Jennifer Blankenship;

and it was brought up with Gloria Patterson.  The only reason Counsel would bring this up and the reason I believe he brought it up, was to somewhat inflame the jury that my client dates younger women; therefore, he's more prone to touch a younger woman.  I think that goes way beyond relevance. I think that goes way beyond what - -

THE COURT:  Are you just making a statement or are you making a motion?

MR. CRAWFORD: Motion for mistrial, Your Honor.

THE COURT:  Mr. Gordon, do you want to address the motion for mistrial.

MR. GORDON: Your Honor, I do not believe that is at all necessary in this situation.

THE COURT:  I mean, I can grant it right now and we can just start the trial over next month.  I say next month; it will be two months from now.

MR. GORDON: I don't see any basis for that - -

THE COURT:  I say I can, if I do grant it.

MR. GORDON: I don't see any basis for that, Your Honor. The Defense did not object each and every time.

MR. CRAWFORD: Your Honor, I have problems with that. Every time this was brought out, right when he would start questioning about the age of Robert, I objected.

THE COURT: Well, his age is relevant because its  - -

MR. CRAWFORD: It is, but the series of questions was: How old was she; how old was he.

. . . . [court discussion of how age of witness might be relevant to credibility]

MR. CRAWFORD: We weren't talking about it.  When he asked Jo Ann about Jamie, it was the age when she was seeing Robert.

When he asked Jennifer about age, it was the age that she began seeing Robert.  That is the context. . . .

Ex. E at 300-403.  During the remainder of the discussion, counsel again stated that he objected to the testimony and agreed with the court that his objections were the reason why the evidence was not presented.  Ex. E at 404.  The judge denied the mistrial and cautioned the prosecutor not to further address the issue "because the issue of the difference in age is not material and it doesn't tend to prove or disprove any of the material issues in this case.  And you're to make no comment or argument regarding differences in the age of him and any person to whom he's been married or had a relationship; do you understand?"  Ex. E at 405-06.  The prosecutor answered in the affirmative.

Petitioner has not demonstrated that his counsel rendered ineffective assistance leading up to or during the motion for mistrial.  As the post-conviction court found, the record reflects that counsel did object each time the prosecutor attempted to bring out the difference in ages between Petitioner and his wives and girlfriend.  When the prosecutor argued that counsel failed to object each time, defense counsel disputed that assertion, and the trial court agreed that the evidence was not presented due to counsel's objections.  The jury was instructed not to speculate on what evidence might have been presented if the witness had been allowed to

testify and the prosecutor was instructed not to attempt to bring out the age difference evidence or argue it to the jury.

Under these facts and circumstances, Petitioner has not identified anything that trial counsel could or should have done that would have resulted in the court granting a motion for mistrial.[7]  As noted earlier, under Florida law, a motion for mistrial should be granted only when an error is so prejudicial as to vitiate the entire trial.  *See, e.g.*, <u>Salazar</u>, 991 So. 2d at 372.  In light of the trial court record, Petitioner has not demonstrated that counsel could have done anything else in his objections and argument that would have met this strict standard for the granting of a mistrial. The State district court of appeal affirmed denial of post-conviction relief on this claim. The State court adjudication has not been shown to result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d). Relief on Ground Seven should be denied.

---

[7] The trial court's denial of mistrial on this ground was raised on direct appeal. Ex. F.  The First District Court of Appeal affirmed without discussion.  Ex. H.

## CONCLUSION

Based on the foregoing, Petitioner Robert Patterson is not entitled to federal habeas relief.  Accordingly, the § 2254 petition (ECF No. 1) should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to

whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## RECOMMENDATION

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No.1).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 2, 2018.

**s/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not**

**control**.  **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**